Henry Joseph **AZURE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Francis B. **ZAHN**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

Robert **COTTONWOOD**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 15689–15691.

United States Court of Appeals Eighth Circuit. Oct. 16, 1957.

J. K. Murray, Bismarck, N. D., for appellants.

Ralph B. Maxwell, Asst. U. S. Atty., Fargo, N. D. (Robert Vogel, U. S. Atty., Fargo, N. D., was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

Appellants Henry Joseph Azure, Francis B. Zahn, Jr. and Robert Cottonwood were indicted with one Barney Crow Necklace for the crime of burglary. Before trial Barney Crow Necklace pleaded guilty to the charge and was sentenced, later becoming a witness for the government.

The indictment charged:

"That on or about the 21st day of May, 1955, within the Indian country, in the County of Sioux, State of North Dakota, within the boundaries of the Standing Rock Indian Reservation, and within the exclusive jurisdiction of the United States, the defendants, Henry B. Azure, an Indian, Barney Crow Necklace, an Indian, Francis B. Zahn, Jr., an Indian, and Robert Cottonwood, an Indian, did commit the offense of burglary in that they broke into and entered a building, to-wit: the Legion Bar in Fort Yates, North Dakota, with intent to steal."

To this indictment the appellants pleaded not guilty and on trial of the action introduced evidence tending to prove an alibi. At the close of the government's testimony appellants moved for judgment of acquittal, which motion was denied and at the close of all the testimony this motion was renewed and again denied and the case was sent to the jury on instructions to which appellants saved no exceptions.

On this appeal appellants seek reversal on the following grounds: (1) insufficiency of the evidence to establish that the crime was committed on an Indian Reservation by enrolled Indians, (2) insufficiency of the evidence to sustain the verdict of conviction, (3) appellants' evidence shows clearly that they are not guilty and (4) errors of the Court in the admission in evidence of inadmissible testimony.

In lieu of a printed record the case is presented on a typewritten record. This record is a mere skeleton and does not contain, as required by our Rule 10(b), 28 U.S.C.A., "the complete instructions of the trial court", nor does it contain, reduced to narrative form or otherwise, any evidence, and although appellants challenge rulings upon evidence in their brief the record does not contain such evidence, the objections interposed thereto, nor the rulings questioned. Appellants also challenge the sufficiency of the evidence but the typewritten record does not contain in narrative form "all evidence received upon the trial or hearing pertinent to that question", but in fact contains no evidence whatever; neither does it contain copy of the motion for acquittal interposed at the close of the government's testimony and at the close of all the testimony. The government challenges the sufficiency of the brief in that although complaint is made as to certain rulings of the court on the admissibility of evidence the statement in the brief does not contain "the evidence referred to, and any objections or other equivalent action taken relative thereto, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear", as required by Rule 11(b) of the Rules of this Court. There has been filed with

the clerk of this Court a transcript of the evidence produced at the trial and in view of the state of the record and all the attending circumstances we shall consider this transcript as supplementing the typewritten record.

■■ It is now argued that the evidence was insufficient to establish that the crime was committed on an Indian reservation by enrolled Indians. The evidence showed that the so-called Legion Bar located in Fort Yates, North Dakota, was burglarized and certain liquors stolen therefrom. In support of the charge that this burglary was committed in the Indian country the government produced the witness Vernon Thompson, Real Property Assistant for the Bureau of Indian Affairs, at Fort Yates, North Dakota, who testified that this bar was situated within the confines of the Standing Rock Indian Reservation and that the appellants were Indians. In support of his testimony he produced an official map of the Standing Rock Indian Reservation and also produced the enrollment records of the Standing Rock Indian Tribe in Sioux County, North Dakota. These were in his custody by reason of his official position. There was also offered in evidence a part of the plat of the townsite of Fort Yates, North Dakota, and testimony as to the location of the Legion Bar. The witness testified that Fort Yates was within the boundaries of the Standing Rock Indian Reservation and that the Legion Bar was within the boundaries of the Standing Rock Indian Reservation. He also testified that the appellants were Indians enrolled as such on the enrollment records of the agency and the court announced that it would take judicial notice of the fact that Fort Yates is within the boundaries of the Standing Rock Indian Reservation. The witness was not only Real Property Assistant for the Bureau of Indian Affairs at Fort Yates but was a duly qualified abstractor and had been County Auditor of Sioux County, North Dakota. His testimony was objected to on various grounds, all of which ignored the fact that he was Real Property Assistant for the Bureau of Indian Affairs and official custodian of enrollment records of the Standing Rock Indian Tribe of Sioux County, North Dakota. Although the question of the admissibility of his testimony is not properly preserved in the record we have examined the transcript of the evidence and think the witness was qualified to give the testimony which he did and that his testimony abundantly proved that the burglary was committed within the Indian country, Sioux County, North Dakota, within the boundaries of the Standing Rock Indian Reservation, and that appellants were enrolled Indians within said reservation. In fact, the court in effect announced that it would take judicial notice of the boundaries of the Indian Reservation.

It is argued that the evidence is insufficient to sustain the verdict of conviction in that the witnesses as to the commission of the act of burglary were accomplices and that their testimony was without corroboration.

■■ The government proved by the bartender who closed the Legion Bar on the evening of May 20th, 1955 and opened it on the morning of May 21st, 1955 that the bar had been burglarized and whiskey and peppermint schnapps stolen therefrom. There was evidence of witnesses who had actual knowledge of and who participated in the burglary and who identified the appellants as participants therein, and the government also proved the plan and execution of the burglary by two accomplices who heard the actual planning and saw the execution thereof while acting as lookouts. There was also evidence that at least two of the accused had in their possession the day following the burglary certain bottles of peppermint schnapps. The mere fact that the witnesses to the actual commission of the burglary were accomplices of the accused does not rob their testimony of probative force. It has long been the rule in Federal Courts that conviction may be based on the testimony of accomplices alone if the jury believes

it to be true. Nilva v. United States, 8 Cir., 212 F.2d 115; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Tinsley v. United States, 8 Cir., 43 F.2d 890; Kempe v. United States, 8 Cir., 151 F.2d 680. In the instant case the jury manifestly believed the testimony of the accomplices, and in passing it may be noted that their testimony finds corroboration in the testimony of disinterested witnesses and the surrounding facts and circumstances. The appellants took the witness stand in their own behalf but the only evidence offered by appellants was in support of their pleas of alibi and it is to be noted that they did not deny that they were Indians enrolled on the enrollment records of the Standing Rock Indian Reservation.

In view of the verdict of the jury we must assume that all conflicts in the evidence were resolved in favor of the government, and we must view the evidence in a light most favorable to the government. We must assume as proved all facts favorable to the government which the evidence tended to prove and the government is entitled to all such favorable inferences as might reasonably be drawn from the facts proven. Manifestly, the jury did not believe the evidence which tended to sustain appellants' alibis. We conclude that there was no error in denying appellants' motions for judgment of acquittal and the evidence abundantly sustains the jury's verdicts of guilty.

While the right to review the alleged errors of the court as to the admissibility of the evidence is not properly preserved nor presented by the brief nor typewritten record, we have, nevertheless, examined the transcript of the evidence and considered the rulings complained of and think the charge of prejudicial error in this regard is wholly without merit.

We are convinced that the appellants had a fair trial and that their guilt was abundantly proved by competent testimony. The judgments and sentences appealed from are therefore affirmed.